*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

FATIMA SALIMA NELSON,

Defendant-Appellant.

UNPUBLISHED
June 11, 2019

No. 342638
Wayne Circuit Court
LC No. 17-005831-01-FH

Before: GADOLA, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by right her conviction, following a jury trial, of malicious destruction of personal property (MDOP) less than $200, MCL 750.377a(1)(d).[1] The trial court sentenced defendant to 18 months' probation. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The complainant, Eddie Leonard, testified that he had an argument with defendant on August 8, 2016 that culminated in defendant kicking Leonard out of her car. Leonard testified that defendant said, "I'm going to get you. I owe you one. You just wait and see. I'm going to get you." Leonard testified that on the night of August 28, 2016, he was at his home and heard noises outside that sounded like tires "popping." He ran outside and observed defendant as she ran away from his driveway and got into her car. Leonard testified that he was familiar with

---

[1] Defendant was originally charged with the felony offense of MDOP $1,000 or more, but less than $20,000, MCL 750.377a(1)(b)(i). At the close of the prosecution's proofs, defendant moved for a directed verdict, arguing that the prosecution had not proven that the value of any destroyed property exceeded $1,000. The trial court granted the motion but allowed the trial to proceed on the misdemeanor offense of MDOP more than $200 but less than $1,000, MCL 750.377a(1)(c)(i). Defendant was acquitted of that charge, but convicted of the lesser included offense of MDOP less than $200.

defendant's car. The next morning, Leonard discovered that two of the tires on his car, which was parked in his driveway, were slashed.[2] Leonard sent a text message to defendant stating that he had seen her the previous night, but he did not accuse her of slashing his tires. Indeed, Leonard did not see defendant actually slash or puncture any tires.[3] Defendant responded with a message saying "It wasn't me, I didn't do it. Maybe your girlfriend up the street did it." Leonard testified that he paid $85 to have his car towed and $179 to replace his tires.

Defendant testified at trial and denied slashing Leonard's tires. She claimed that she had recently suffered a slip and fall accident and could not have run at that time due to pain in her legs.

Defendant was convicted and sentenced as described. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that there was insufficient evidence to convict her of MDOP less than $200. We disagree.

We review de novo a defendant's challenge to the sufficiency of the evidence. *People v Perry*, 317 Mich App 589, 599; 895 NW2d 216 (2016). "We review the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution proved the crime's elements beyond a reasonable doubt." *Id*. When reviewing the sufficiency of the evidence, we must "draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). We do not reevaluate the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and its reasonable inferences are sufficient to prove each element of the crime; therefore, direct evidence is not required. *Nowack*, 462 Mich at 400.

---

[2] The tires of a vehicle belonging to Lewis Green, a friend of Leonard, were also slashed. Green's vehicle was parked in front of Leonard's house. Both Green and Leonard were complainants with respect to the original charge against defendant. But Green died during the pendency of these proceedings, and the trial court subsequently declined to admit evidence concerning possible damage to Green's car; the trial therefore proceeded only with respect to damage to Leonard's car.

[3]In a written statement Leonard gave to the police, he indicated that defendant had damaged his tires with a sharp object. Leonard later testified at the preliminary examination as well as at trial that he had only observed defendant running away. At trial, defense counsel raised the issue of inconsistent statements; Leonard was somewhat unclear about the cause of the discrepancy, but clarified that his statement to the police did not indicate that he "saw" defendant, but merely that he believed defendant had cut the tires.

MCL 750.377a(1)(d) provides:

(1) A person who willfully and maliciously destroys or injures the personal property of another person is guilty of a crime as follows:

* * *

(d) If the amount of the destruction or injury is less than $200.00, the person is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00 or 3 times the amount of the destruction or injury, whichever is greater, or both imprisonment and a fine.

Therefore, the elements of MDOP less than $200 are that (1) the property belonged to another person, (2) the defendant damaged or destroyed the property, (3) the defendant knew what he did was wrong and acted with the intent to damage or destroy the property, and (4) the amount of the damage was less than $200. MCL 750.377a(1)(d); see also M Crim JI 32.2.

There was sufficient evidence that defendant intentionally damaged Leonard's tires by slashing or puncturing them. Defendant argues that there was insufficient evidence to show that she was the one who damaged the property, contending that "there was no direct evidence that [defendant] was the one who allegedly damaged [Leonard]'s tires." However, the prosecution "need not present direct evidence of a defendant's guilt. Rather, '[c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime.' " *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011), quoting *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999) (quotation marks and citation omitted); see also *Nowack*, 462 Mich at 400. Here, although the prosecution did not present any direct evidence that it was defendant who damaged the tires, the circumstantial evidence was sufficient to allow a rational jury to conclude that it was. On August 8, 2016, defendant told Leonard, "I'm going to get you. I owe you one. You just wait and see. I'm going to get you." After hearing a noise that sounded like tires "popping," Leonard saw defendant running away from his house. He found his tires slashed the next morning. He then sent a text message to defendant stating that he saw her the night before and, seemingly aware of what had happened even without Leonard informing her, she responded, "It wasn't me, I didn't do it. Maybe your girlfriend up the street did it." On the whole, the prosecution presented sufficient circumstantial evidence for the jury to infer that defendant slashed Leonard's tires.

Defendant also challenges the fourth element of the offense, i.e., that the amount of the damage was less than $200, by contending that "there was no evidence that [Leonard]'s car was towed or that the tires were actually replaced." We disagree. In a malicious destruction of property case, the prosecution "may establish the amount of damage resulting from an injury by showing either (a) the difference in the market value of the property immediately before and after the injury, or (b) the reasonable cost of repairing or restoring the property." *People v Hamblin*, 224 Mich App 87, 96; 568 NW2d 339 (1997) (quotation marks and alteration omitted). Consequently, even if Leonard did not actually replace the tires, the prosecution was only

required to demonstrate the cost of such replacement, not that it had already been accomplished. *Id*. Moreover, the prosecution showed the reasonable cost of replacing the tires by presenting evidence of a written estimate of $85 to tow the car[4] and $179 to replace the tires. A Sucher Tire employee testified that Leonard had received an estimate for two tires from the company, but did not have a record of defendant purchasing the tires. However, Leonard testified that he had his car towed and repaired. To the extent that there was any contradiction in the evidence concerning whether Leonard had actually incurred the costs alleged, we must resolve any conflicts in favor of the prosecution, and may not reweigh Leonard's credibility. *Nowack*, 462 Mich at 400. Leonard's testimony alone was sufficient to establish the cost of replacing the damaged property. Defendant's challenges to the credibility of Leonard's testimony go to the weight, not sufficiency, of the evidence, as further discussed later in this opinion. See *People v Scotts*, 80 Mich App 1, 9; 263 NW2d 272 (1977) (stating that "the credibility of witnesses is a matter of weight, not sufficiency. Determinations of credibility are made by the jury which heard the testimony and observed the witnesses, and this Court will not substitute its judgment on this issue.").

There was sufficient evidence for the jury to convict defendant of MDOP less than $200.

## III. GREAT WEIGHT OF THE EVIDENCE

Defendant also argues that the verdict was against the great weight of the evidence. We disagree.

"To preserve a great-weight claim, a party must move for a new trial in the trial court." *People v Cameron*, 291 Mich App 599, 617; 806 NW2d 371 (2011). Generally, this Court reviews a challenge to the great weight of the evidence based on whether "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Lemmon*, 456 Mich 625, 627; 576 NW2d 129 (1998). Defendant failed to preserve this issue by moving for a new trial in the trial court; we therefore review it for plain error affecting substantial rights. *Cameron*, 291 Mich App at 618. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Carines*,

---

[4] Defendant does not specifically challenge the inclusion of the towing costs in the estimate of the cost of repairing Leonard's tires. It is at least arguable that the cost of towing could be included in "the reasonable and fair market value of repairing the damage" to a car that has been immobilized and is thus unable to be driven to a repair shop. See *Hamblin*, 224 Mich App 87, 98; 568 NW2d 339 (1997). However, it is also possible that the jury discounted the cost of the towing, resulting in defendant's acquittal of MDOP over $200 but less than $1000. In any event, the evidence presented at trial was sufficient for a rational jury to believe that Leonard incurred the towing fee and the cost of the replacement tires; if the jury discounted the cost of towing (or, for that matter, if it discounted the cost of the tires but found that Leonard had incurred the towing cost), there was sufficient evidence in either event to support its verdict.

460 Mich at 763. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

In *People v Lacalamita*, 286 Mich App 467, 470; 780 NW2d 311 (2009), this Court summarized the test for whether a jury's verdict is against the great weight of the evidence:

> The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. Generally, a verdict may be vacated only when the evidence does not reasonably support it and it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence. "Conflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial." Further, the resolution of credibility questions is within the exclusive province of the jury. [*Id*. at 469-470 (citations omitted).]

Here, the verdict is not against the great weight of the evidence. The evidence did not clearly weigh in defendant's favor in light of the Leonard's testimony that defendant threatened him, that he saw defendant running away from his driveway shortly after he heard a noise like tires "popping," and that he found his tires slashed the next morning. The prosecution presented evidence of a written estimate of the value of the damage. Although the prosecution's case was circumstantial, the evidence did not preponderate heavily against the verdict such that it would be a miscarriage of justice to allow the verdict to stand. *Lacalamita*, 286 Mich App 469.

Defendant further argues that Leonard's testimony was not credible because he initially told the police that defendant had damaged his tires with a sharp object, but later admitted at the preliminary examination and at trial that he only saw defendant running away from the area. We disagree that this impeachment of Leonard's testimony renders all of his testimony so incredible as to require reversal. Issues regarding credibility are insufficient grounds for relief unless the "testimony contradicts indisputable physical facts or laws," the "testimony is patently incredible or defies physical realities," the "testimony is material and is so inherently implausible that it could not be believed by a reasonable juror," or the "testimony has been seriously 'impeached' and the case is marked by 'uncertainties and discrepancies.'" *Lemmon*, 456 Mich at 643-644 (1998). While there were arguably inconsistencies between Leonard's testimony at trial and the preliminary exam and his earlier statement to police, it appears that Leonard's statement to police may have reflected both his accusations and his observations. Moreover, the inconsistencies did not deprive Leonard's testimony of all probative value. See *id*. at 645-646 ("[U]nless it can be said that directly contradictory testimony was so far impeached that it 'was deprived of all probative value or that the jury could not believe it,' . . . or contradicted indisputable physical facts or defied physical realities, the trial court must defer to the jury's determination."). Furthermore, Leonard's testimony was not patently incredible, and it is within the province of the jury to determine the credibility of witnesses' testimony. *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013); *Lacalamita*, 286 Mich App at 470. The jury

found Leonard's version of events, rather than defendant's, to be credible and this Court must defer to the jury's assessment of credibility. *Lemmon*, 456 Mich at 643. Therefore, defendant has not demonstrated any plain error.

Affirmed.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle